Zorn *vs.* Walker.

---

JOHN C. ZORN, plaintiff in error, *vs.* N. F. and N. M. WALKER, defendants in error.

A purchaser of land at a sheriff's sale, under the judgment of a creditor, on which a homestead is claimed, is as much within the reason and spirit of the Act of 1868 as the creditor under whose judgment he derives his title, and may be heard and make the same objections to granting the homestead as the creditor, under whose judgment he derives his title to the land, could make.

*Held,* also, That the bill was not multifarious.

Zorn *vs.* Walker.

Equity pleadings.  Homestead.  Before Judge GREEN. Upson Superior Court.  November Term, 1870.

Zorn's bill against N. F. Walker, of Upson county, and N. M. Walker, of Crawford county, was filed in Upson.  It made this case: In February, 1870, at sheriff's sale, he bought a quantity of land, described, in Upson county, which was sold under *fi. fas.* in favor of Smith & Alexander against N. F. Walker, and took the sheriff's deed thereto.  When this sale was made, there was pending before the Ordinary of Upson county an application for the setting apart a homestead to said N. F. Walker out of said land.  Smith & Alexander filed objections, the Ordinary refused to allow the homestead set apart, and N. F. Walker appealed to the Superior Court, where it is still pending.  At the same time there was and still is another application for homestead out of said land, by N. M. Walker, son of N. F. Walker.  N. F. Walker was then and is yet unmarried, had no minor children, and was living with his grandsons.  At the time of his application, N. F. had several thousand dollars worth of personalty, $7,000 00 in cash, and various *choses in action* which he had fraudulently left out of his schedule.  N. M. has no title to the said land, but holds only as tenant of N. F., and is seeking *his* homestead fraudulently to help N. F.  Besides, N. M. had $3,500 00 in cash, and $1,000 00 in personal property, which he fraudulently kept out of *his* schedule.  These proceedings cloud Zorn's said title.  Not being a creditor, he cannot object at the trial of said homestead applications.  He prayed perpetual injunction against both of said applications.

This bill was demurred to, because there was no jurisdiction over N. M. Walker, because there was an adequate recovery at law, and because the bill is multifarious.  After argument, the Court allowed the bill to be amended by striking out the name of Walker, of Crawford, and then overruled the demurrer.  This is assigned as error.

Zorn *vs.* Walker.

JOHN I. HALL, CABANESS & PEEPLES, SMITH & ALEX-ANDER, for plaintiff in error.

POE, HALL & POE, for defendants. Multifariousness: 1 Dan. Ch. Pr., 383, 384, 385; 12 Ga. R., 61; 5th, 573. Jurisdiction: Constitution 1868, art. v., section xii., par. iv., p. 37; 34 Ga. R., 53; 37th, 346; 40th, 288; 38th, 403; 39th, 533. Zorn bought with notice: 40 Ga. R., 293, 297. Zorn is in possession, and can defend at law. There being no application for exemption of personalty, the schedule need not contain all applicant's property.

WARNER, Judge.

This was a bill filed by the complainant against the defendants, as the purchaser of certain specified tracts of land at sheriff's sale, under a *fi. fa.* against the defendant, N. F. Walker, praying for an injunction to restrain them from prosecuting their respective claims to a homestead on the land so purchased by him at such sheriff's sale. The bill alleges that the defendants are fraudulently combining together to obtain homesteads on the land for the benefit of N. F. Walker, one of the defendants, the other defendant not being entitled to a homestead under the law, and that the complainant not being a creditor of the applicants for a homestead cannot be heard in the common law Courts to object to the granting of the same. The bill was demurred to for want of equity, and because it was multifarious. The Court sustained the latter ground of demurrer and overruled the former, and both parties excepted. We think the Court erred on both grounds. If there was equity in the bill, the charge of a fraudulent combination between the defendants to obtain a homestead for one of them, would not make the bill multifarious, but would relieve it from that objection on demurrer therefor. Although the complainant, as a purchaser of the land at sheriff's sale, is not a creditor of the ap-

plicants for a homestead on the land so purchased; still, he derives his title to the land under the judgment of a creditor, and may urge the same objections in the Court of Ordinary, or in the Superior Court on an appeal therefrom, as the creditor could have done, under whose judgment and execution he derives his title to the land. In other words, the purchaser of the land under a judgment in favor of a creditor at sheriff's sale on which a homestead is claimed, is as much within the reason and spirit of the Act of 1868, as the creditor under whose judgment he derives his title, and may be heard and make the same objections to granting the homestead, as the creditor could have done.

Let the judgment of the Court below be reversed.