TAPPAN BROTHERS & COMPANY *vs* HUNT.

If a homestead is sought to be set apart in land which has been purchased by a person at a sheriff's sale, under a judgment and execution against the applicant, founded upon a contract made by him with the plaintiff, such purchaser has all the rights of the creditor, and may urge against the grant of the homestead any objection which the creditor could have urged, including the objection that the applicant, in his contract, had waived his right to take a homestead.

March 30, 1885.

Vendor and Purchaser. Debtor and Creditor. Homestead. Before Judge POTTLE. Hancock Superior Court. October Term, 1884.

Reported in the decision.

J. T. JORDAN, by HARRISON & PEEPLES, for plaintiffs in error.

v 74-35

No appearance for defendant.

BLANDFORD, Justice.

The defendant in error applied for homestead and exemption in certain lands.* The plaintiffs in error objected to the allowance of the same, among other grounds, because they were the purchasers of the property sought to be set apart, under executions founded on judgments, which judgments were founded on contracts of applicant, wherein he had waived all right of exemption or homestead. This objection was demurred to by the applicant, upon the ground that it did not embrace any of the objections allowed by law. The court sustained the demurrer, and disallowed, overruled and dismissed said objection. This ruling is excepted to, and constitutes the only ground of error relied on here.

If the land which an applicant for homestead and exemption seeks to have set apart to himself has been purchased by a person under a sheriff's sale, by virtue of an execution and judgment against the applicant, which judgment is founded upon a contract made by the applicant with the plaintiff in execution, such purchaser occupies the position of a creditor of the applicant, and he may urge any objection to the grant of the application which the creditors might have done. It is too manifest for argument that the creditor might object to the grant of the homestead and exemption, that the applicant had waived his right to take the same in his favor, and such is the ruling of this court in 43 *Ga.*, 418. See also Code, §2010.

The purchaser has all the rights of the creditor.

Judgment reversed.

*The application for homestead was under the constitution of 1877.